**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARGARET ADELEYE,**<br>**Plaintiff**<br><br>**v.**<br><br>**THE ARC OF BLACKSTONE VALLEY,**<br>**Defendant** | ) | **C.A. No.:** 05 200 ML |

## COMPLAINT

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **MARGARET ADELEYE** (hereafter "Adeleye" or "Plaintiff"), an individual, against **THE ARC OF BLACKSTONE VALLEY** (hereafter "Defendant" or "Employer" or "The Arc"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims. The Plaintiff alleges that she was terminated by the Defendant, on the basis of race and national origin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent

provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Consideration of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a. the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in Pawtucket, Rhode Island, within this judicial district;

c. the Plaintiff would currently be employed by the Defendant at its place of business in Pawtucket, Rhode Island, and within this judicial district, but for the Defendant's unlawful employment practices.

4. On May 19, 2004, Plaintiff timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she had been discriminated against on the basis of his race, national origin —RICHR #04 ERA 324; EEOC #: 16JA400205 (ATTACHMENT 1).

5. In timely fashion, Plaintiff requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (ATTACHMENT 2).

6. Plaintiff has fulfilled all other conditions precedent to the institution of each count of this action.

**PARTIES**

7. The Plaintiff, Margaret Adeleye, is a black female individual, born in Nigeria, and resident of the City of East Providence, Rhode Island. The female has been a resident of the United States for approximately sixteen (16) years.

8. The Defendant, The Arc of Blackstone Valley, is a Rhode Island corporation, duly registered and authorized to conduct business in, and pursuant to the laws of, the State of Rhode Island, with an office and principal place of business, located

at 115 Manton Ave, Pawtucket, Rhode Island 02860. The Defendant provides services to people with disabilities and their families.

9. On information and belief, at all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 30 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint.

11. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h).

12. At all times material to this action, Plaintiff was an individual, employee, and/or person covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

14. Plaintiff was employed by the Defendant for approximately 2 ½ years, in the capacity of support staff an a group residential care facility, prior to her termination on or about August 21, 2003.

15. Throughout the tenure of her employment, the Plaintiff performed her assigned job duties in a satisfactory manner, without discipline, meeting or exceeding the Defendant's legitimate expectations.

16. Plaintiff was terminated because of what was told by the Employer was a complaint was an alleged complaint by a Caucasian resident.

17. In its alleged investigation of this complaint, the employer failed and refused to apply Plaintiff the same standards and procedures it applies to similarly situated Caucasian employees.

18. The Employer did not give the Plaintiff a fair and adequate opportunity to present my position in this matter, contrary to the procedure it employs with respect to white employees have been the subject of much more serious allegations than that at issue in Plaintiff's case, but were not terminated.

19. At no time did Plaintiff ever engage in any misconduct toward the resident at issue in her termination, or towards any other resident, and the employer has never provided any contrary evidence.

20. The Rhode Island Department of Employment and Training, following a full evidentiary hearing, found that Plaintiff had engaged in no misconduct warranting her discharge and awarded her full unemployment benefits.

21. The Defendant's conduct, as referenced in the preceding paragraphs, reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and discharged her as a result of her race, national origin.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e, ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT TERMINATION**

22. The allegations contained in Paragraphs 1-21, above, are incorporated herein by reference in their entirety.

23. The Defendant's discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin;
b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;
c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her race and national origin; and
d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

24. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's race and national origin. Such practices include, but are not limited to, Defendant's:

a. terminating Adeleye, because of her race and national origin;

b. forcing Adeleye to work under discriminatory terms and conditions of employment, based on race and national origin.

25. But for the Defendant's intent to discriminate against Plaintiff because of her race and national origin, Defendant would not have terminated Plaintiff, or subjected Plaintiff to discriminatory terms and conditions of employment.

26. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's race and national origin. The Defendant's conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L.§28-5-1 et seq.**

**DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TERMINATION**

27. Paragraphs 1-21 above are herein incorporated by reference in their entirety.

28. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race and national origin;
b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;
c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her race and national origin; and
d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

29. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Adeleye's race and national origin. Such practices include, but are not limited to, Defendant's:

a. terminating Adeleye because of her race and national origin;
b. forcing Adeleye to work under discriminatory terms and conditions of employment, based on race and national origin.

30. But for the Defendant's intent to discriminate against Plaintiff because of her race and national origin, Defendant would not have terminated Plaintiff or subjected her to discriminatory terms and conditions of employment.

31. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TERMINATION**

32. Paragraphs 1-21 above are incorporated herein by reference in their entirety.

33. Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendant unlawfully subjected Plaintiff to discriminatory terms

and conditions of employment, retaliated against Plaintiff, and terminated Plaintiff because of Plaintiff's race and national origin.

34. But for the Defendant's intent to discriminate against Plaintiff because of her race and national origin. Defendant would not have engaged in the unlawful conduct described in the preceding paragraphs.

35. By its conduct described in the preceding paragraphs, Defendant has engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

36. The Defendant's conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of her employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order the Defendant institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of race and national origin.

b. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate position, with appropriate increases, benefits, status, and promotional opportunities;

c. an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, losses in pension entitlement, vacation pay and other benefits, and the costs of seeking new employment, in amounts to be determined at trial;

d. an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10;

h. any and all penalties and damages available pursuant to ERISA; and

i. grant such further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Margaret Adeleye,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☐ EEOC

CHARGE NUMBER

Rhode Island Commission for Human Rights and EEOC
*State or local Agency, if any*

| | |
|---|---|
| NAME (Indicate Mr., Ms., Mrs.) MARGARET ADELEYE | HOME TELEPHONE (Include Area Code) 401- 383-0236 |
| STREET ADDRESS 159 Putnam Street · CITY, STATE AND ZIP CODE East Providence, RI 02914 | DATE OF BIRTH 4/24/60 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Blackstone Valley Chapter RI Arc | 30+ | 401-727-0150 |
| STREET ADDRESS: 115 Manton Street | CITY, STATE AND ZIP CODE: Pawtucket, Rhode Island 02861 | COUNTY: Providence |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☒ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* *LATEST*
August 13, 2003
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I am a black female. I was born in Nigeria. I have been in the United States for approximately 16 years. On or about August 21, 2003, I was terminated by the Blackstone Valley Chapter, Rhode Island Arc. I worked in the capacity of support staff, in a group residential care facility. I performed my job duties in a satisfactory manner, at all times meeting or exceeding the employer's legitimate expectations. Prior to my discharge, I had worked for this employer for approximately 2 ½ years, and had compiled an excellent employment record, without discipline. I was terminated because of what I was told was an alleged complaint by a white resident. In its alleged "investigation" of this complaint, the employer failed and refused to apply to me the same standards and procedures it applies to similarly situated white employees. The employer did not give me a fair and adequate opportunity to present my position in this matter, contrary to the procedure it employs with respect to white employees. Indeed, on information and belief, white employees have been the subject of much more serious allegations than that at issue in my case, but were not terminated. At no time did I ever engage in any misconduct toward the resident at issue in my termination, or towards any other resident, and the employer has never provided any contrary evidence. The Rhode Island Department of Employment and Training, following a full evidentiary hearing, found that I had engaged in no misconduct warranting my discharge, and awarded me full unemployment benefits. The employer's conduct violates my rights to be free from workplace discrimination based on gender, race, and national origin, under the RIFEPA, Title VII of the Civil Rights Act of 1964 and other state and federal laws.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
BFanning 3/8/04
BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/200[illegible]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Margaret Adeleye 3/8/04

SIGNATURE OF COMPLAINANT
M A Adeleye

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
BFanning 3/8/04

BRIE FANNIN[illegible]
Notary Public of Rhode I[illegible]
My Commission Expires 8/[illegible]

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Margaret Adeleye**
**159 Putnam Street**
**East Providence, RI 02914**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00205** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

FEB 10 2005
*(Date Mailed)*

Enclosure(s)

cc: **John J. Padien Iii**
**BLACKSTONE VALLEY CHAPTER**
**115 Manton Street**
**Pawtucket, RI 02861**

**Stephen T. Fanning**
**The Law Office of Stephen Thomas Fanning**
**305 South Main Street**
**providence, Rhode Island 02903**

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 04 ERA 324 EEOC NO. 16JA400205

In the matter of

Margaret Adeleye
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Blackstone Valley Chapter, RI Arc.
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

5/6/05 ---------------------------------- Michael D. Évora (signature)

Date

Michael D. Évora
Executive Director

*******************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
William E. O'Gara, Esq.
John J. Padien, III, President
Peter F. Holden, Agent

A-72